#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF TEXAS
#### EL PASO DIVISION

| | |
|---|---|
| **Brandon Callier,** on behalf of himself and all others similarly situated, § § § § Plaintiff § § *versus* § § **CITY FIRST MORTGAGE SERVICES,** § **L.L.C.** a § Utah Limited Liability Company § § Defendant, § § And § § **Jane/John Doe** § § Defendant. § § § § § § | Civil Action No. 3:24-CV-00431 **DEMAND FOR JURY TRIAL** **CLASS ACTION DEMAND** |

### PLAINTIFF'S ORIGINAL COMPLAINT

1 | P a g e

**INTRODUCTION**

Plaintiff BRANDON CALLIER (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, brings this Complaint against Defendant CITY FIRST MORTGAGE SERVICES, L.L.C. ("hereinafter CFMS") to stop their illegal practice of placing, through its telemarketers, unsolicited telephone calls in violation of the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by his attorney.

**PARTIES**

1. Plaintiff is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.

2. Plaintiff may be served any relevant papers via email to his counsel Omar Darwich at omar@darwichlegal.com

3. Defendant CFMS is a limited liability company organized and existing under the laws of Utah and can be served via its Texas registered agent Corporation Service Company D/B/A CSC-Lawyers Inco at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Upon information and belief, unnamed party Jane/John Doe is an unidentified telemarketing company making solicitation phone calls at the instruction, direction, and oversight of Defendant CFMS.

## JURISDICTION AND VENUE

5. This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

6. This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331.

7. This Court has general personal jurisdiction over the Defendant as they, upon information and belief, authorized telemarketers to place calls on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents and have otherwise availed themselves to the State of Texas.

8. Venue of this suit lies in the Western District of Texas, El Paso Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim alleged herein occurred within the Western District of Texas,

## FACTUAL ALLEGATIONS

9. Plaintiff's personal cell phone (XXX) XXX-4604 has been registered on the National Do-Not-Call Registry since December 13, 2007.



10. Plaintiff has never instructed the National Do-Not-Call Registry administrator to remove him from the National Do-Not-Call Registry. Plaintiff has been on the National Do-Not-Call Registry at all times relevant to this Complaint.

11. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

12. Plaintiff is, and has been for more than fifteen years, the subscriber to and customary user of cellular telephone number (XXX) XXX-4604.

13. Plaintiff's telephone number 4604 is a residential number.

14. Plaintiff's telephone number 4604 is used for personal purposes and is not associated with business.

15. Upon information and belief, Defendant CFMS offers mortgage services to consumers.

16. Upon information and belief, as part of their marketing, Defendant contracted with Jane/John Doe to make solicitation calls to thousands of consumers' residential phone numbers on behalf of Defendant.

17. Jane/John Doe an unknown entity is believed to be located offshore and out of the jurisdiction of the United States and the State of Texas.

18. Upon information and belief, Defendant pays Jane/John Doe for every new customer Jane/John Doe generates through illegal telemarketing for Defendant.

19. Upon information and belief, Defendant authorized Jane/John Doe to act as Defendant's agent.

20. Plaintiff has never had any relationship with Defendant or has ever been a customer of Defendant and never gave them his prior express written consent to receive the alleged calls in this case.

21. Within a twelve-month period, Plaintiff received least five (5) unsolicited calls from Jane/John Doe calling on behalf of Defendant.

22. The alleged calls were all sent to Plaintiff from phone number (847) 586-1623.

23. NoMoRobo, which won the FTC's competition for tracking robocalls, has reported that number as a "robocaller" https://www.nomorobo.com/lookup/847-586-1623. (Last visited November 14, 2024).

24. The alleged calls were sent to Plaintiff on the following dates and times,

    1) August 15, 2024, at 9:08AM

    2) August 16, 2024, at 1:32 PM

    3) August 19, 2024, at 10:10 AM

    4) August 20, 2024, at 9:18 AM

    5) October 24, 2024 at 3:25 PM

25. On the very first alleged call Plaintiff was connected to Jane/John Doe who was soliciting reversed mortgage services.

26. Plaintiff advised Jane/John Doe telemarketer that he was not interested and to stop calling Plaintiff. The unsolicited calls continued despite Plaintiff's do not call request.

27. Plaintiff became aggravated and annoyed by the alleged calls and engaged in the fifth call for the sole purpose of identifying who Jane/John Doe was calling on behalf of.

28. Plaintiff was connected to a telemarketer with Jane/John Doe who again was soliciting reverse mortgage services.

29. Plaintiff went through the call with a pseudonym name "Lorenzo Brooks."

30. The telemarketer asked Plaintiff qualifying questions regarding Plaintiff's address, mortgage balance, and property value.

31. Upon information and belief, Defendant provides Jane/John with specific qualifications a consumer must meet prior to transferring the call to Defendant.

32. The telemarketer then advised Plaintiff he was going to transfer the call to a licensed agent.

33. Without any interruption or disconnection, Plaintiff was live transferred to an agent named Josh Lawson who advised Plaintiff he was with Defendant CFMS.

34. Josh accepted the call from Jane/John Doe telemarketer.

35. Josh asked Plaintiff more qualifying questions and solicited Plaintiff for reverse mortgage services on behalf of Defendant.

36. The alleged calls were all made to Plaintiff for the purpose of encouraging the purchase of Defendant's mortgage services.

37. Plaintiff never requested information regarding reverse mortgage services.

38. The alleged calls were nonconsensual encounters that were not made for emergency purposes.

7 | P a g e

39. Upon information and belief, Plaintiff has received additional unsolicited calls from or on behalf of Defendant within the last two years that are unknown to Plaintiff but will be revealed during discovery.

40. Upon information and belief, other consumers like Plaintiff have been victims of receiving unsolicited calls on behalf of Defendant based on Defendant's Better Business Bureau page, City First Mortgage Services, LLC | Complaints | Better Business Bureau® Profile.





41. Upon information and belief, Defendant makes substantial profit gains by receiving new customers from Jane/John Doe that generate through illegal telemarketing.

42. Upon information and belief, Defendant employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

43. Plaintiff never provided his prior express written consent to receive any of the alleged calls.

44. Upon information and belief, the alleged calls were placed while knowingly ignoring the national do-not-call registry.

45. Upon information and belief, the alleged calls were placed without training their telemarketers and/or agents on the use of an internal do-not-call policy.

46. In short, the alleged calls invaded Plaintiff's privacy and caused a nuisance, an annoyance, and an intrusion into Plaintiff's seclusion.

## BASIS FOR LIABILITY

47. Plaintiff realleges paragraphs one through forty-six and incorporates them herein as if set forth here in full.

48. Even if Defendant did not personally make the TCPA violating calls to Plaintiff, they are liable for the TCPA violations under the following theories of vicarious liability: Actual Authority, Apparent Authority, or Ratification.

## ACTUAL AUTHORITY

49. Plaintiff realleges paragraphs one through forty-eight and incorporates them herein as if set forth here in full.

50. Defendant authorized and hired Jane/John Doe to generate prospective customers through illegal telemarketing calls.

51. Accordingly, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." See In re Rules & Regulations Implementing the TCPA, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995) (emphasis added).

52. In their January 4, 2008, ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. Id. (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

53. More specifically, the May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is 4:23-cv-03055-JMG-MDN Doc # 1 Filed: 04/13/23 Page 7 of 11 - Page ID # 7 8 liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

54. Jane/John Doe solicited Plaintiff on behalf of Defendant. Accordingly, Jane/John Doe had Defendant's actual authority to solicit Plaintiff through illegal telemarketing calls.

## APPARENT AUTHORITY

55. Plaintiff realleges paragraphs one through fifty-four and incorporates them herein as if set forth here in full.

56. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:
[A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and

service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct. 28 CC Rcd at 6592 (¶ 46).

57. Defendant authorized Jane/John Doe to generate prospective business for them through illegal telemarketing.

58.  Jane/John Doe called and transferred calls to Defendant who solicited Plaintiff for a reversed mortgage loan. The integration of their sales efforts was so seamless that it appeared to Plaintiff that Jane/John Doe and Defendant all appeared to be acting together as the same company.

59. Consumers, including Plaintiff, reasonably believed and relied on the fact that Jane/John Doe had received permission to sell, market, and solicit the Defendant's services.

60. As a direct and proximate result of Jane/John Doe's illegal phone calls – which were made on behalf of and with the apparent authority of the other Defendant, Plaintiff and suffered actual damages, including their time to answer the violating calls, depleted battery life, wasted time, invasion of their privacy and the nuisance of receiving the calls.

## RATIFICATION

61. Plaintiff realleges paragraphs one through sixty and incorporates them herein as if set forth here in full.

62. Defendants knowingly and actively accepted business that originated through the illegal calls placed by Jane/John Doe.

63. By accepting these contacts and executing contracts with the robocall victims, Jane/John Doe "manifest[ed] assent or otherwise consent[ed] . . . to act" on behalf of Defendant, as described in the Restatement (Third) of Agency.

64. Defendant received Plaintiff as a new customer and the possibility of new business.

65. Defendant ratified Jane/John Doe's TCPA violations by knowingly accepting the benefits of new customers and revenue despite the fact that the sale was generated through illegal calling.

66. Defendant further ratified Jane/John Doe's TCPA violations by being aware of the violations, being willfully ignorant of the violations or by being aware that such knowledge was lacking.

67. As a direct and proximate result of Jane/John Doe's illegal phone calls, Plaintiff suffered actual damages, including his wasted time to answer the violating calls, the monies paid to receive the calls, the depleted phone minutes available to him, invasion of his privacy and the nuisance of receiving the calls.

## LOCAL RULES FOR CLASS CERTIFICATION

68. Plaintiff, pursuant to local rules, shall move to certify this complaint as a Class Action.

69. Plaintiff will identify the classes, exclusions of the classes, numerosity, typicality, adequacy of representation, generality, commonality, predominance, and superiority in Plaintiffs 'Motion to Certify.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS

70. Plaintiff realleges paragraphs one through sixty-nine and incorporates them herein as if set forth here in full.

71. The alleged calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

72. The alleged calls harmed Plaintiff by trespassing upon and interfering with his rights and interests in his cellular telephone.

73. The alleged calls harmed Plaintiff by intruding upon his seclusion.

74. Plaintiff has been harmed, injured, and damaged by the alleged calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

**First Cause of Action:**
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On Behalf of All Class – Against All Defendants)**

75. Plaintiff realleges paragraphs one through seventy-four and incorporates them herein as if set forth here in full.

76. The telephone numbers of Plaintiff and the Class are registered on the Do Not Call Registry.

77. Defendant's agents and/or telemarketers placed unsolicited phone calls to Plaintiff and the Class members' DNC registered telephones without having their prior written consent to do so.

78. Defendant's actions agents constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

79. Defendant's unsolicited phone calls were made for the commercial purpose of selling mortgage services.

80. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages.

81. Plaintiff and the Class are entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

82. Plaintiff and the Class also seek a permanent injunction prohibiting Defendant from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier, individually and on behalf of the Class prays for the following relief:

A. An order certifying the class (pursuant to local rules after Plaintiff files his Motion to Certify);

B. An order declaring that the Defendant's actions, as set out above, violate 227(c) of the TCPA;

C. An order declaring that the Defendant's actions, as set out above, violate 227(c) willfully and knowingly;

D. An award of $500.00 per call in statutory damages arising from the TCPA §227(c) for each violation;

E. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation;

F. An injunction requiring Defendant to cease sending all unlawful calls;

G. An award of reasonable attorneys' fees and costs; and

14 | P a g e

H. Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated this 4th day of December 2024.

                                                                                                  Respectfully Submitted,

                                                                                                  The Darwich Law Firm, LLC
                                                                                                  /Omar F. Darwich/ _____
                                                                                                  Omar F. Darwich
                                                                                                  Tx Bar No. 24124686
                                                                                                  10921 Pellicano Dr, #100
                                                                                                  El Paso, TX 79935

                                                                                                  (915) 671-2221
                                                                                                  omar@darwichlegal.com

                                                                                                  **ATTORNEY FOR PLAINTIFF**

15 | P a g e

## VERIFICATION STATEMENT

I, Brandon Callier, hereby state under oath that I am the Plaintiff in this dispute, that I have read the foregoing complaint, and that it is are true and accurate to the best of my knowledge and belief, except as to matters stated on information and belief, and that as to those matters I believe to be true.

I declare under penalty of perjury that the foregoing verification is true and correct to the best of my knowledge and belief, and as to any matter stated on belief, I believe such to be true.

Dated this 4th day of December 2024.

/s/ Brandon Callier_____/
Brandon Callier